UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-21561-BLOOM/Elfenbein

**JAMES L. MURPHY**,

    Plaintiff,

v.

**MIAMI DADE COUNTY GOVERNMENT AUTHORITY**, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on *pro se* Plaintiff James L. Murphy's Complaint, ECF No. [1] and his Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), ECF No. [3]. The Honorable Beth Bloom has referred the IFP Motion to me for a Report and Recommendations. *See* ECF No. [11].

Because Plaintiff has not paid the Court's filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply.[1] Under that statute, a court must dismiss the case if the court "at any time . . . determines that . . . the action or appeal . . . is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from

---

[1] Though the plain language of the statute appears to make its provision applicable only to prisoners, "[t]he screening process under 28 U.S.C. § 1915 applies to non-prisoner pro se litigants who are proceeding in forma pauperis." *Fletcher v. President of Albert Einstein Med. Ctr.*, No. 15-24355-CIV, 2016 WL 11547296, at *1 (S.D. Fla. Feb. 10, 2016), *R. & R. approved*, No. 15-24355-CIV, 2016 WL 11547297 (S.D. Fla. Apr. 5, 2016); *see also Neitzke v. Williams*, 490 U.S. 319, 329 (1989) (noting "Congress' over-arching goal in enacting the *in forma pauperis* statute" was "to assure equality of consideration for all litigants" (quotation marks omitted)); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (finding no error in the district court's dismissal of a non-prisoner's complaint under § 1915(e)(2)(B)(ii)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Reasonable access to the courts is provided to indigent claimants by the *in forma pauperis* (IFP) statute, 28 U.S.C. sec. 1915 *et seq.*, which allows commencement of suits without payment of fees and court costs by a person who makes an affidavit that he is unable to pay the costs.").

such relief." 28 U.S.C. § 1915(e)(2). After reviewing the pleadings, record, and relevant law, I recommend that the IFP Motion, **ECF No. [3]** be **GRANTED**[2] and that the Complaint, **ECF No. [1]**, be **DISMISSED WITHOUT PREJUDICE** pursuant § 1915(e)(2)(B)(ii).

I.   BACKGROUND

Plaintiff, using the Pro Se Complaint for Violation of Civil Rights (Non-Prisoner) form, has filed a Complaint against Defendants "Miami Dade County Government Authority," Elite Group Properties LLC ("Elite"), and Miami FL Home Solutions LLC ("Miami Home Solutions") alleging claims under "Federal Laws or [t]he United States Constitution U.S.C. 1321," which, according to Plaintiff, provides the basis for subject-matter jurisdiction. *See* ECF No. [1] at 3. In addition, Plaintiff's jurisdictional allegations generally indicate that he alleges claims under 42 U.S.C. § 1983 for violations of his Fifth Amendment rights under the Takings Clause. *Id.* at 3-4.

In support of these claims, Plaintiff alleges that Miami Home Solutions "filed unauthorized legal and real estate documents to take possession of real property" located at 1195 N.W. 63 Street in Miami, Florida ("the property"), including a civil lawsuit without the representation by a licensed attorney. *Id.* at 5. As a result of the civil lawsuit, Plaintiff alleges that there was a taking of the property without compensation and a sale of the property to Elite. *Id.* at 5-6. Specifically, Plaintiff alleges the taking occurred on March 17, 2021 when a Miami-Dade County judge signed an order requiring Plaintiff's physical removal from the property and the seizure of the property.[3] *Id.* at 7. Plaintiff further alleges that this order identified him by a fictional name and that his civil rights were violated when the order failed to identify him by name. *Id.* Finally, the Complaint

---

[2] Based on the information contained within Plaintiff's IFP motion, the Court concludes that Plaintiff has demonstrated that he is unable to pay the filing fee or give security for the filing fee, as required by 28 U.S.C. § 1915(a)(1). *See generally* ECF No. [3].

[3] The Complaint also alleges that the same Miami-Dade County judge entered an order removing him from the property on January 7, 2021.

includes allegations that Elite filed a civil complaint against "John Doe" in Miami-Dade County and failed to amend the complaint after learning that Plaintiff lived at the property. *Id.*

## II.   LEGAL STANDARDS

As previously stated, because Plaintiff has not paid the Court's filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. *See Fletcher*, 2016 WL 11547296, at *1; *Troville*, 303 F.3d at 1260; *Moon*, 863 F.2d at 837. That statute requires the Court to dismiss his case if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(ii).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). "Still, once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon*, 863 F.2d at 837.

To state a claim for relief, a pleading "must contain" three substantive parts: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." *See* Fed. R. Civ. P. 8(a). Those substance requirements are aimed at ensuring that a complaint contains "sufficient factual matter, accepted as true," *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to both "state a claim to relief that is plausible on its face" and "give the defendant fair notice of what the claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (alteration adopted, quotation marks omitted).

"[D]istrict courts have the power and the duty to define the issues at the earliest stages of litigation," which includes the responsibility of dismissing or requiring a party to correct shotgun pleadings. *See Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th

Cir. 1998).[4]  The Eleventh Circuit has identified different types of shotgun pleadings, including those that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Weiland*, 792 F.3d at 1323 (footnotes omitted).  It has also "condemned shotgun pleadings time and again" because they "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources."  *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–57 (11th Cir. 2018) (citation omitted); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

Given the havoc they wreak, the Eleventh Circuit has specifically instructed district courts not to tolerate shotgun pleadings because "[t]olerating such behavior constitutes toleration of obstruction of justice."  *Jackson*, 898 F.3d at 1357 (footnote omitted); *see also Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("[S]hotgun complaints . . . are altogether unacceptable.").  It has made clear that a district court that receives a shotgun pleading, at minimum, "must intervene *sua sponte* and order a repleader."  *See Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), *abrogated on other grounds by*, *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).  And if the claims of a complaint "are so poorly pleaded that" it is "virtually impossible to know which

---

[4] A shotgun pleading is one that "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Weiland*, 792 F.3d at 1323; *see also Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a responsi[ve] pleading constitutes shotgun pleading.").

allegations of fact are intended to support which claim(s) for relief," *see Weiland*, 792 F.3d at 1325 (emphasis and quotation marks omitted), a district court "retains authority to dismiss a shotgun pleading on that basis alone," *see Jackson*, 898 F.3d at 1357.

## III.   DISCUSSION

Section 1915(e)(2) requires the Court to dismiss Plaintiff's case if it "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Failure to state a claim includes failure to comply with the Federal Rules of Civil Procedure.  *See Moon*, 863 F.2d at 837.  Every complaint, whether filed by a *pro se* party or an attorney, must comply with the Federal Rules of Civil Procedure.  *See id*.  That means Plaintiff's Complaint must conform with Rule 8, which requires him to give a short and plain statement of his claims showing he is entitled to relief, *see* Fed. R. Civ. P. 8(a), and with Rule 10, which requires him to state those claims in a series of numbered paragraphs and to limit each paragraph to a single set of circumstances, *see* Fed. R. Civ. P. 10(b).  He has not done either.

While the Complaint is separated into paragraphs, they are not limited to a single set of circumstances.  For example, paragraph 1 interweaves details about the alleged unlicensed practice of law by a corporation, drafting of legal documents by individuals who are not licensed to practice law, the filing of unauthorized real estate documents with the intention of taking the property, the actions of a Miami-Dade County judge who allowed the filing of a complaint by a corporation without a licensed attorney, and Miami Home Solutions' improper influence over other defendants in that civil lawsuit.  *See* ECF No. [1] at 6–7.  And while the Complaint includes allegations regarding the actions of a Miami-Dade County judge, it does not include any allegations regarding the actions of Defendant "Miami Dade Government Authority" nor does it sufficiently link the potential cause of action for the Fifth Amendment violation under 42 U.S.C. § 1983 to Elite or

5

Miami Home Solutions. *Id.* This is because, to properly allege a claim under § 1983, Plaintiff must plead that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *See Ratlieff v. City of Fort Lauderdale*, 748 F. Supp. 3d 1202, 1237 (S.D. Fla. 2024) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Here, Plaintiff fails to allege that Elite and Miami Home Solutions, two corporations, acted under color of state law when his Fifth Amendment right was allegedly violated, much less how these two private entities acted under color of state law. Because Plaintiff does not properly separate and direct his claims, Defendants do not have fair notice of the claims against them. *See Twombly*, 550 U.S. at 555, 570.

Although the Court must read Plaintiff's *pro se* Complaint liberally, *see Hughes*, 350 F.3d at 1160, the Court is not required to serve as Plaintiff's "lawyer in rewriting" it, *see Jackson*, 898 F.3d at 1357. Indeed, the Eleventh Circuit has made abundantly clear district courts must not tolerate shotgun pleadings and instead must require *the plaintiff* to correct the pleading's deficiencies, such as by dismissing it without prejudice, *see id.*, or by "order[ing] a repleader," *see Byrne*, 261 F.3d at 1133. These actions both fulfill the district court's "duty to define the issues at the earliest stages of litigation," *see Johnson Enters.*, 162 F.3d at 1290, and ensure discovery is controlled and the docket is manageable, *see Anderson*, 77 F.3d at 367.

In sum, Plaintiff's Complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(ii) for failing to state a claim on which relief may be granted.

## IV. CONCLUSION

For the above reasons, I respectfully **RECOMMEND** that**:**

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis*, **ECF No. [3]**, be **GRANTED** and

CASE NO. 25-CV-21561-BLOOM/Elfenbein

2. Plaintiff's *pro se* Complaint, **ECF No. [1]**, be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except on grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on July 15, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:

James L. Murphy
5601 NW 11th Avenue
Miami, FL 33127
PRO SE