UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-21561 -BLOOM/Elfenbein

JAMES L. MURPHY,

     Plaintiff,

v.

MIAMI-DADE COUNTY GOVERNMENT AUTHORITY,
ELITE GROUP PROPERTIES LLC, and
MIAMI FL HOME SOLUTIONS LLC,

     Defendants.

_____/

## OMNIBUS ORDER ON MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Miami-Dade County's ("the County") Motion to Dismiss the Amended Complaint, ECF No. [29], and Elite Group Properties LLC's ("Elite") Motion to Dismiss with Prejudice, or in the Alternative, Motion to Decline Supplemental Jurisdiction. ECF No. [34].  Plaintiff ("Murphy") filed a Response in Opposition ("Response"), ECF No. [38] and the County filed a Reply in Support. ECF No. [39]. The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motions are granted.

## I.  BACKGROUND

The Amended Complaint alleges that on January 7, 2021, Murphy was unlawfully evicted from his property at 1195 NW 63rd St, Miami, Florida 33150. ECF No. [18] ¶ 25. Defendants Miami FL Home Solutions and Elite acquired Murphy's interest in the property and commenced eviction proceedings against him in state court. *Id*. ¶¶ 12-25. Ultimately, Miami FL Home Solutions and Elite obtained a default final judgment and writ of possession. *Id*. The writ of possession ordered the Miami-Dade County Sheriff to remove all persons from the property. *Id*. Murphy argues these

proceedings were illegal because judgment was entered against "John Doe". *Id*. ¶¶ 18, 39. Nonetheless, Murphy received notice of the complaint and responded. *Id*. ¶ 24. Murphy asserts three claims in his Amended Complaint. In Count I, he alleges fraudulent misrepresentation, *Id*. at 6, Count II, he alleges a violation of 42 U.S.C. § 1983 for the taking of his private property without just compensation, *Id*. at 7, and in Count III, he alleges wrongful conversion. *Id*. at 8.

Defendants argue this Court lacks jurisdiction to adjudicate Murphy's claims. ECF Nos. [29] at 3, [34] at 2. Specifically, the County argues "this Court is barred by the *Rooker-Feldman* doctrine from second guessing the results of state of the state court proceedings Plaintiff wishes to challenge." ECF No. [39] at 1. In the alternative, the County asserts Murphy "does not otherwise state facts sufficient to allege a classic taking." *Id*. at 8. Elite adopts the County's Motion to Dismiss in its entirety and argues that because dismissal is appropriate as to Murphy's § 1983 claim, the Court cannot assert supplemental jurisdiction over the other claims. ECF No. [34] at 2-3.

## II.   LEGAL STANDARD

### A.   The *Rooker-Feldman* Doctrine

"The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009); *see also Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009) (federal district courts have "no authority to review final judgments of a state court"); *Doe v. Florida Bar*, 630 F.3d 1336, 1340-41 (11th Cir. 2011) (where applicable, *Rooker-Feldman* deprives federal court of subject matter jurisdiction). *Rooker-Feldman* is "confined to cases of the kind from which the doctrine acquired its name: 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court

review and rejection of those judgments.'" *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072 (11th Cir. 2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). The doctrine applies to claims actually raised before the state court "and to those 'inextricably intertwined' with the state court's judgment." *Casale*, 558 F.3d at 1260. "[A] federal claim is considered inextricably intertwined with the state court judgment: (1) where the success of the federal claim would 'effectively nullify' the state court judgment; and (2) where the federal claim 'succeeds only to the extent that the state wrongly decided the issues.'" *Springer v. Perryman*, 401 F. App'x 457, 458 (11th Cir. 2010) (quoting *Casale*, 558 F.3d at 1260).

### B.  Motion to Dismiss

The Federal Rules of Civil Procedure require a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a Rule 12(b)(6) motion, which requests dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When reviewing a motion under Rule 12(b)(6), a court generally must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in the plaintiff's

favor. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002). "'Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). "Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Courts generally "do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citation omitted). However, there is an exception when "a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Id.* (citation omitted). Furthermore, courts may consider "matters of which a court may take judicial notice" when ruling on a 12(b)(6) motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III.   DISCUSSION

### A.  Count II - Murphy's Takings Claim Under 42 U.S.C. § 1983

The County argues Murphy's "grievances" result from the "execution of what he considers to be an unlawful state-court order", and the appropriate avenue to challenge that order is through "a timely appellate proceeding in state court". ECF No. [29] at 3. As such, the County argues the *Rooker-Feldman* doctrine "prohibits federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced." *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544

U.S. 280, 284 (2005)). The County contends that Murphy's § 1983 claim satisfies the *Rooker-Feldman* criteria as Murphy lost in state court, the state court decision formed the basis of or is intertwined with the injuries complained of in the Amended Complaint, and this action was instituted after the conclusion of the state proceedings. *Id*. In support of their argument, the County cites to *Burlison v. Angus*, pointing out that the court dismissed a similar § 1983 claim for "improper eviction". *Id* at 4.

In *Burlison*, the plaintiff filed a *pro se* complaint against a deputy clerk at the Fifth Judicial Circuit of Florida under 42 U.S.C. § 1983 for violation of plaintiff's Fourth Amendment rights due to an alleged seizure of Plaintiff's property. *Burlison v. Angus*, No. 517CV570OCJSMPRL, 2018 WL 10096455, at *1 (M.D. Fla. Jan. 5, 2018), aff'd, 737 F. App'x 523 (11th Cir. 2018). Plaintiff alleged the deputy clerk issued a writ of possession before the entry of a judgment in favor of the landlord, which caused Plaintiff's eviction and loss of his mobile home without a valid court order. *Id*. Ultimately, the court determined plaintiff's claims were barred by the *Rooker-Feldman* doctrine because they were a "thinly veiled attempt to overrule or interfere with the state court proceedings and judgment." *Id*.

Here, Murphy's Takings Clause claim is distinguishable as the "*Rooker-Feldman* doctrine does not apply in situations where the plaintiff 'lacked a reasonable opportunity to raise his federal claim in state proceedings.'" *Ray v. Jud. Correction Servs., Inc.*, 270 F. Supp. 3d 1262, 1292 (N.D. Ala. 2017) (quoting *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996)). "For example, a plaintiff's Takings Clause claim against a government entity for a regulatory taking is not barred by *Rooker–Feldman* due to the plaintiff's appeal of the initial regulatory decision because the plaintiff cannot raise a Takings Clause claim until the regulatory decision denying the property interest is final." *Id*. (*Agripost, Inc. v. Miami–Dade Cty., ex rel. Manager*, 195 F.3d 1225, 1233

(11th Cir. 1999)). While Murphy's Takings Clause claim is not regulatory in nature, the claim nonetheless was not ripe until the conclusion of the state court proceeding as Murphy's claim seeks "just compensation" after the resulting "unlawful eviction". ECF No [18] ¶¶ 35-40.

As such, the Court turns to address whether the Takings Clause claim is sufficiently pled. To establish a § 1983 Takings Clause claim, the Plaintiff must prove (1) the property at issue was the plaintiff's property when the state took custody, (2) the state appropriated that property for the state's own use, and (3) the state failed to provide just compensation. *Maron v. Chief Fin. Officer of Fla.*, 136 F.4th 1322, 1334 (11th Cir. 2025). Here, as the County correctly points out, Murphy's Takings Clause claim fails because the Complaint fails to allege the County acquired the property or put it to public use. ECF No. [29] at 8. To the contrary, Murphy's allegations concern two state court proceedings brought by private Defendants Miami FL Home Solutions and Elite. ECF No. [18] ¶¶ 18-20. Accordingly, Murphy has failed to state a claim upon which relief can be granted. *Rhodes v. City of Jacksonville, Fla.*, No. 3:20-CV-559-J-34JRK, 2020 WL 3205858, at *2 (M.D. Fla. June 15, 2020) ("The Takings Clause does not require compensation unless private property has been taken 'for public use.") (quoting *Support Working Animals, Inc. v. DeSantis*, No. 4:19CV570-MW/MAF, 2020 WL 1991479, at *11 (N.D. Fla. Apr. 27, 2020)).

Because Murphy's allegations fail to allege either that the County acquired the property or that the property was put to public use, the Court finds any attempt to further amend this claim would be futile. *Cavero v. One W. Bank FSB*, 617 F. App'x 928, 930 (11th Cir. 2015) (holding that where a more carefully drafted complaint could not state a claim and amendment would be futile, dismissal with prejudice is proper). As such, Count II is dismissed with prejudice.

### B.  Count I – Fraudulent Misrepresentation and Count III – Wrongful Conversion

As the Amended Complaint makes clear, the Plaintiff and Defendants are residents of or are incorporated in or have their principal places of business in the state of Florida. ECF No. [1] ¶¶ 1-

Case No. 25-cv-21561 -BLOOM/Elfenbein

4. While the Court has jurisdiction over Count II because it raises a federal question, *see* 28 U.S.C. § 1331, Counts I and III neither raise a federal question nor are the Parties sufficiently diverse to satisfy jurisdictional requirements. *See* 28 U.S.C. § 1332. Moreover, because the Court has dismissed Count II, it declines to exercise supplemental jurisdiction over Counts I and III. As such, Counts I and III are dismissed without prejudice.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Miami-Dade County's Motion to Dismiss the Amended Complaint, **ECF No. [29]**, is **GRANTED**;

2.  Elite Group Properties LLC's Motion to Dismiss with Prejudice, or in the Alternative, Motion to Decline Supplemental Jurisdiction, **ECF No. [34], is GRANTED**;

3. Count II is **DISMISSED WITH PREJUDICE**;

4. Count I and III are **DISMISSED WITHOUT PREJUDICE**; **and**

5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 26, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record

James L. Murphy
5601 NW 11th Avenue
Miami, FL 33127
786-307-6401
PRO SE